NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY GREGORY LAPOINTE, | No. 14-16713 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-02108-DJH-MEA |
| v. | |
| UNKNOWN BIENOVIDAS, Sergeant; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted July 6, 2017[**]

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

Arizona state prisoner Anthony Gregory LaPointe appeals pro se from the

district court's summary judgment grant in his 42 U.S.C. § 1983 action alleging that

prison officials were deliberately indifferent to serious threats to his safety.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009).   We affirm.

The district court properly granted summary judgment because LaPointe failed to raise a genuine dispute of material fact as to whether any of the defendants consciously ignored, failed to respond, or were otherwise deliberately indifferent to a serious threat to LaPointe.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The district court did not abuse its discretion by denying LaPointe's Federal Rule of Civil Procedure 56(d) motion because LaPointe failed to show how allowing additional discovery would have precluded summary judgment.  *See Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and requiring a movant to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

We reject as without merit LaPointe's contention that the district court erred by withdrawing its referral of defendants' summary judgment motion to a magistrate judge. 28 U.S.C. § 636(b)(1); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

**AFFIRMED.**